IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:07CR210 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| KENNETH W. BLAIR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's objection, Filing No. 58, to the report and recommendation (R&R) of the magistrate, Filing No. 56. Defendant was charged in a two-count indictment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and for forfeiture of property pursuant to 18 U.S.C. § 924(d) and § 2461(c). Defendant filed a motion to suppress, Filing No. 14, and the magistrate judge recommended that the defendant's motion be denied. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a *de novo* determination of those portions of the R&R to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has carefully reviewed the entire record including the transcript of the suppression hearing, Filing No. 51, the briefs, and the relevant caselaw. The court accepts the facts set out in the R&R and they need not be repeated here, except to the extent necessary to this court's findings. The court finds the objections to the R&R are overruled.

**Background**

Kenneth W. Blair ("Blair") was indicted on June 19, 2007, on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and for forfeiture of property pursuant to 18 U.S.C. § 924(d) and § 2461(c). Filing No. 1. On July 19, 2007,

Blair filed a Motion to Suppress Evidence and Request for Evidentiary Hearing and Oral Argument.  Filing No. 14.  A hearing was held in front of Magistrate Judge Thomas D. Thalken on September 10, 2007, at which Officers Bradley Nielsen ("Nielsen") and Sean Burnham ("Burnham") of the Omaha Police Department ("OPD") testified.  Filing No. 49 and Filing No. 51, Transcript of Hearing ("Tr.").  The magistrate filed his R&R on October 23, 2007.  Filing No. 56.  Blair filed an Objection on October 30, 2007, Filing No. 58, and his brief in support of his Objection on November 15, 2007.  Filing No. 65.

On April 18, 2007, Officers Nielsen and Burnham initiated a traffic stop of a white vehicle for the failure to abide by a stop sign. The vehicle immediately turned into a residential driveway where a passenger, Blair, got out of the vehicle and began moving to the rear of the residence.  Both officers immediately got out of the police cruiser and Officer Burnham gave loud verbal instructions to Blair to stop and return to the white vehicle in the driveway.  Blair ignored Officer Burnham's commands and moved to the side of a neighboring house.  Officer Burnham followed Blair to the side of the house and ordered Blair to put Blair's hands up against the house.  Blair resisted and Officer Burnham attempted to take Blair to the ground.  Officer Nielsen heard Blair yelling that the officers were scaring Blair and Blair didn't know what the officers were doing.  Officer Nielsen joined Officer Burnham in trying to subdue Blair.  As Officer Burnham was attempting to use an arm bar to take Blair to the ground, Officer Nielsen grabbed Blair by the right arm and assisted Officer Burnham in attempting to secure Blair.  Officer Nielsen then saw Blair pull a handgun from his waistband and throw it under the vehicle.  Officer Nielsen alerted Officer Burnham to the presence of the firearm and told Officer Burnham to disengage and to pull his weapon.  Officer Burnham disengaged from the scuffle and drew his weapon.

Officer Nielsen was then able to place Blair on Blair's stomach and handcuff him. The officers then recovered the Hi Point .45 caliber handgun which Blair had tossed under the vehicle.

Blair was placed in the police cruiser and identified. Blair was arrested and charged with being a felon in possession of a firearm, carrying of an unregistered firearm, and resisting arrest. Blair also had two active felony warrants, one from the Omaha Police Department and the other from the Douglas County Sheriff's Department.

Officers Nielsen and Burnham testified it was OPD policy to have all passengers remain in a vehicle they stopped unless ordered out of the vehicle. Officers Nielsen and Burnham testified that not knowing what a passenger of a stopped vehicle was going to do when the passenger immediately got out of the vehicle was an officer safety concern.

**Discussion**

Blair's objections to the R&R are two-fold: (1) the magistrate erred in ruling that the police had the authority pursuant to policy to order the defendant to stop and return to the car and (2) the magistrate erred in concluding that Blair's arrest was supported by the evidence and legal precedent.

After the initial stop, Officer Burnham's order to Blair that he return to the vehicle was a valid detention of Blair. Officers Burnham and Nielsen testified it is OPD policy to maintain control of a stopped vehicle situation by requiring occupants of the vehicle to remain with the vehicle until cleared. The United States Supreme Court in *Maryland v. Wilson*, 519 U.S. 408 (1997), held a police officer could order a passenger out of a vehicle during a traffic stop without violating the passenger's Fourth Amendment rights. *Id.* at 414-15, citing *Pennsylvania v. Minns*, 434 U.S. 106, 111 (1977) (holding that once a motor

3

vehicle has been lawfully detained for a traffic violation, the police may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable seizures).  The Court found on balance that the public interest, namely the danger to an officer, was of great concern compared to the intrusion on the passenger which was determined to be minimal.  *Id.* at 414-15.

In this case the issue is whether *Wilson's* holding that an officer can order a passenger out of a vehicle is applicable to a case where an officer ordered a passenger to return to or re-enter a vehicle that he has voluntarily exited.[1]  While the Eighth Circuit has not specifically addressed this matter, several circuit courts have relied on *Wilson* to hold that an officer, for safety reasons, may require a passenger to remain in or return to the vehicle involved in a traffic stop.  *United States v. Moorefield*, 111 F.3d 10 (3rd Cir. 1997) (police officer's order to defendant to remain in vehicle and put hands in the air while officers conducted traffic stop did not violate defendant's right to freedom from unreasonable search and seizures); *United States v. Williams*, 419 F.3d 1029 (9th Cir. 2005) (officer's order to get back into the vehicle merely maintained the status quo by returning the passenger to his original position); *Rogala v. District of Columbia*, 161 F.3d 44 (D.C. Cir. 1998) (holding that a passenger ordered by the police to get back into a vehicle that she voluntarily exited was not an unreasonable seizure because "a police officer has the power to reasonably control the situation by requiring a passenger to remain in a vehicle during a traffic stop").  This court finds that reasoning in *Wilson* is applicable

---

[1] The court in *Wilson* did not address if officers could order a passenger to return a vehicle, and specifically declined to rule whether an officer may forcibly detain a passenger for the entire duration of the stop.  *Id.* at 415 n.3.

to this case. The OPD policy and Officer Burnham's order that Blair return to the vehicle was a valid detention of Blair in order to secure the situation for the safety of the officers as well as for the safety of others.

Furthermore, the court finds no merits to Blair's objections that his actions did not constitute obstruction of a police officer and resisting arrest. Blair's failure to return to the vehicle amounted to obstruction of a police officer, Neb. Rev. Stat. § 28-904. Additionally, Blair's actions of struggling with Officers Burnham and Nielsen amounted to resisting arrest. Neb. Rev. Stat. § 28-906.

Accordingly, the court adopts the R&R of the magistrate and overrules the objections of the defendant.

THEREFORE, IT IS ORDERED:

1. Defendant's objections, Filing No. 58, are overruled;

2. Defendant's motion to suppress, Filing No. 14, is denied; and

3. The R&R of the magistrate, Filing No. 56, is adopted in its entirety.

DATED this 3rd day of December, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge